PACIFIC TIMBER CRUISING CO. v. CLARKE COUNTY, WASH.

(District Court, W. D. Washington, S. D. May 2, 1916.)

No. 1950.

1. COUNTIES ☞47—COUNTY COMMISSIONERS—POWERS OF.
　　County commissioners, being administrative officers of the county, and given by Rem. & Bal. Code Wash. § 3890, the care of county property and management of county funds and business, should be allowed full scope in administrative power, even though it is not expressly granted.
　　[Ed. Note.—For other cases, see Counties, Cent. Dig. § 55; Dec. Dig. ☞47.]

2. COUNTIES ☞113(6)—COUNTY COMMISSIONERS—CONTRACTS OF.
　　A contract by county commissioners, agreeing to pay for the cruising and estimating of the timber on lands in the county, is valid and enforceable, in view of Rem. & Bal. Code Wash. § 3890, giving the commissioners care and management of county property, funds, and business, even though the information would be for the benefit of the county assessor, for under sections 9200–9207 the commissioners are required to

equalize assessments, and they are not bound to accept valuations made by the assessor.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174, 180; Dec. Dig. ☞113(6).]

At Law. Action by the Pacific Timber Cruising Company, a corporation, against Clarke County, Wash., a municipal corporation. On demurrer to the complaint. Overruled.

Stevenson & Stapleton and L. A. McNary, all of Portland, Or., for plaintiff.

James O. Blair, L. M. Burnett, Miller & Wilkinson, and H. L. Parcel, all of Vancouver, Wash., for defendant.

NETERER, District Judge. The plaintiff has commenced an action against the defendant to recover for valuations of timber made under a written contract, in which it was provided that:

"* * * A careful cruise and estimate of the timber upon the lands in Clarke county shall be made, and render in writing reports embodying a topographic sketch showing the elevation of the land above the sea level, as taken by means of aneroid barometers, openings, clearings, burns, marshes, rivers, waterfalls, etc., and a general description of the land cruised, whether adapted to agriculture, grazing, or other purposes after the timber is removed, description of the character of the different varieties of timber, the average stump diameter, the average number of sixteen-foot logs per tree, the percentage of surface clear timber, description of logging conditions, including distance to outlets, railroads or driving streams, reporting damage by fire and probabilities of fire."

It is contended on the part of the defendant that the commissioners are powerless to enter into such a contract, and that they are trespassing upon the functions of the county assessor, because the information to be adduced by the plaintiff was work which should be done by the county assessor, and that the county assessor had the right under the law to select his deputies, and the commissioners only have the right to fix the compensation.

[1, 2] While it may be true that the information which is sought by this contract is information which undoubtedly was for the purposes of the county assessor's office, it likewise was information which the county commissioners necessarily must have in order to fully and properly discharge the duties of the board in equalizing the assessments of the county (sections 9200-9207, Remington & Ballinger's Codes of Washington), as a basis for the levy for taxes. The county commissioners are not concluded by the valuations placed upon property by the county assessor, nor is the assessor bound by the valuations fixed by plaintiff. The timber lands in this country are of such a character, and the value of timber is a matter which is not within the common knowledge of citizens, and under the system of listing and assessing property it is practically impossible for the assessor to list and assess the timber upon lands in his county without aid given by persons who have special knowledge or qualifications. The proper administration of the business of the county is through its authorized administrators, the county commissioners, upon whom must fall the burden of securing the expert information which cannot be obtained

otherwise, Burnett v. Markley, 23 Or. 436, 31 Pac. 1050. The county commissioners, being the administrative officers of the county (Nelson v. Troy, 11 Wash. 435, 39 Pac. 974), are given under section 3890, Remington & Ballinger's Codes of Washington, subd. 6, "the care of the county property and the management of the county funds and business, and in the name of the county to prosecute and defend all actions for and against the county, and such other powers as are or may be conferred by law." The legislative policy of the state of Washington has been to allow the commissioners full scope in the administrative power, even though not expressly granted. Whitney v. Friars, 10 Wash. 348, 39 Pac. 104; Williamson v. Snohomish County, 64 Wash. 233, 116 Pac. 675.

I do not think that the "tax ferret" cases cited by the defendant are pertinent here, nor exert any controlling influence. I think the complaint states a cause of action.